IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTUIT INC. | Case No. 12-cv-7851 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC | |
| Defendant. | |

Plaintiff Intuit Inc. ("Intuit") brings this action against Defendant Joao Bock Transaction Systems, LLC ("JBTS") and complains as follows:

### THE NATURE OF THE ACTION

1. JBTS is the purported assignee of U.S. Patent No. 6,047,270 ("the '270 patent"), entitled "Apparatus and Method for Providing Account Security"; U.S. Patent No. 6,529,725 ("the '725 patent"), entitled "Transaction Security Apparatus and Method"; and U.S. Patent No. 7,096,003 ("the '003 patent"), entitled "Transaction Security Apparatus" (collectively, "the JBTS Patents").

2. JBTS has communicated to Intuit its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Intuit based on Intuit's ongoing and/or planned activities. Intuit does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, Intuit risks a suit for infringement by engaging in the complained-of activity, and therefore seeks a declaration of its legal rights. Moreover, the JBTS patents are invalid. Intuit brings this action to obtain declaratory judgments of non-infringement and invalidity of the JBTS Patents.

## THE PARTIES

3. Plaintiff Intuit is a corporation organized under the laws of Delaware, with its headquarters and principal place of business at 2700 Coast Avenue, Mountain View, California.

4. On information and belief, JBTS is a Limited Liability Corporation organized under the laws of the State of Delaware and is located at 122 Bellevue Place, Yonkers, New York 10703.

## JURISDICTION AND VENUE

*5.* This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. This Court has personal jurisdiction over JBTS. JBTS filed and currently maintains a patent infringement suit against Intuit's customer, First American Bank, in the Northern District of Illinois, alleging infringement of the '270 patent due to First American Bank's offer of services provided by Intuit. *See* Case No. 11-06472.

8. This Court can enter the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because, on or about August 31, 2012, JBTS communicated to Intuit its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Intuit based on Intuit's ongoing and/or planned activities. Intuit does not infringe and has not infringed the JBTS Patents, and therefore has a right to engage in the complained-of activity. As a result of JBTS's actions, Intuit risks a suit for infringement by engaging in the complained-of activity.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## GENERAL ALLEGATIONS

10. Intuit is informed and believes and on that basis alleges that JBTS is the assignee of the JBTS Patents. On information and belief, the documents attached to this Complaint as Exhibits A through C are true and correct copies of the JBTS Patents.

11. On or about August 31, 2012, JBTS communicated to Intuit its intention to assert its rights under the JBTS Patents by pursuing claims of infringement against Intuit based on Intuit's ongoing and/or planned activities.

12. Intuit does not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the JBTS Patents, either literally or under the doctrine of equivalents.

13. As a result of JBTS's actions, Intuit risks a suit for infringement by engaging in the complained-of activity.

## FIRST CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '270 patent)

14. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

15. Intuit does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

16. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Intuit and JBTS concerning the non-infringement of the '270 patent.

17. Intuit is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '270 patent)

18. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

19. JBTS contends that the '270 patent is valid.

20. Intuit denies JBTS's contention and alleges that the '270 patent is invalid. The '270 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '270 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Intuit.

21. An actual controversy thus exists between Intuit and JBTS as to whether the '270 patent is valid.

22. Accordingly, Intuit seeks and is entitled to a judgment against JBTS that the '270 patent is invalid.

## THIRD CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '725 patent)

23. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

24. Intuit does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the

'725 patent, either literally or under the doctrine of equivalents.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Intuit and JBTS concerning the non-infringement of the '725 patent.

26. Intuit is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents.

## FOURTH CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '725 patent)

27. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

28. JBTS contends that the '725 patent is valid.

29. Intuit denies JBTS's contention and alleges that the '725 patent is invalid. The '725 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '725 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Intuit.

30. An actual controversy thus exists between Intuit and JBTS as to whether the '725 patent is valid.

31. Accordingly, Intuit seeks and is entitled to a judgment against JBTS that the '725 patent is invalid.

## FIFTH CAUSE OF ACTION

(Declaratory Judgment of Non-Infringement of the '003 patent)

32. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

33. Intuit does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

34. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Intuit and JBTS concerning the non-infringement of the '003 patent.

35. Intuit is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents.

## SIXTH CAUSE OF ACTION

(Declaratory Judgment of Invalidity of the '003 patent)

36. Intuit realleges and incorporates by reference paragraphs 1 through 13, inclusive, as though fully set forth in this paragraph.

37. JBTS contends that the '003 patent is valid.

38. Intuit denies JBTS's contention and alleges that the '003 patent is invalid. The '003 patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '003 patent can be validly construed to cover any products and/or services imported, made, used, sold or offered for sale by Intuit.

39. An actual controversy thus exists between Intuit and JBTS as to whether the '003 patent is valid.

40. Accordingly, Intuit seeks and is entitled to a judgment against JBTS that the '003 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Intuit prays for judgment against JBTS as follows:

A.  For a declaration that Intuit does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '270 patent, either literally or under the doctrine of equivalents;

B. For a declaration that the '270 patent is invalid;

C. For a declaration that Intuit does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '725 patent, either literally or under the doctrine of equivalents;

D. For a declaration that the '725 patent is invalid;

E. For a declaration that Intuit does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '003 patent, either literally or under the doctrine of equivalents;

F. For a declaration that the '003 patent is invalid;

G. For a declaration that Intuit's case against JBTS is an exceptional case within the meaning of 35 U.S.C. § 285;

K. For an order awarding costs and attorneys' fees to Intuit; and

L. For such other relief as this Court deems just and proper.

Dated: October 1, 2012  Respectfully submitted,

By:   */s/ Anthony Nimmo*

Anthony Nimmo
ICE MILLER LLP
200 W. Madison Street
Suite 3500
Chicago, IL 60606-3417
Tel: (312) 726-8149
Fax: (312) 726-6252
anthony.nimmo@icemiller.com

Liaison Counsel for Plaintiff
INTUIT INC

By:   */s/ Michael J. Sacksteder*

Michael J. Sacksteder, Pro Hac Vice
David D. Schumann, Pro Hac Vice
Marc C. Elzweig, Pro Hac Vice
Justin G. Hulse, Pro Hac Vice
Ravi R. Ranganath, Pro Hac Vice
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel: (415) 875-2300
Fax: (415) 281-1350
msacksteder@fenwick.com
dschumann@fenwick.com
melzweig@fenwick.com
jhulse@fenwick.com
rranganath@fenwick.com

Attorneys for Plaintiff
INTUIT INC.